Smith, J.
On the hearing of this case but one question was submitted to us for decision, viz: — Whether the lots and lands in the petition described, which had been assessed by the village of St. Bernard for the improvement of certain streets in said village, were now, as against the plaintiffs,the present owners of them, liable to an assessment for more than the one-fourth of the value thereof, severally, after, such improvements were made.
The material facts in the case, briefly staled, are these: The plaintiffs owned the whole thereof, in fee simple,as one tract. They sub-divided the same as an addition to the plat of said village, laying it out into lots and streets, dedicated to the use of the public. After this was done, and before any proceedings were had for the improvement of said streets, the plaintiffs leased the said premises to one Henry Bostwick, for the term of 99 years, renewable forever, and which lease gave him the privilege of the purchase thereof on certain terms. Bostwick, by the terms of the lease, was to pay all taxes and assessments against said property, and such lease was duly executed and recorded, and Bostwick took possession of the premises. Afterwards petitions for the improvement of those several streets, signed by Bostwick and other lot-holders, abutting thereon, (but not by plaintiffs, or either of them,) were presented to the council of the village, praying for the improvement of the streets, as was subsequently done. If the lessee, Bostwick, under the provisions of sec. 2272, Rev. Stats., was the owner of this property for the purpose of signing this petition, and making the assessments binding upon the interest of the plaintiffs in those lots, then the petition was signed by three-fourths of the owners, and the lots were bound for the whole assessment. But if this is not the case', under the subsequent provisions of the same section, as to the plaintiffs,and *136 their interest therein, the assessment is not to exceed 25 per cent, of the value of the lots after the improvement was made.
The improvements were made under these petitions, and the lots in question assessed in the name of Bostwick for the cost thereof. Default was made by Bostwick in the payment of the rent to plaintiffs, and of the assessments, and thereafter the plaintiffs filed their petition in the court of common pleas, making the village a party, asking for the sale of the interest of Bostwick therein, under the lease to pay the rent, taxes and assessments, and the village filed an answer and cross-petition,setting up is lien for the assessments,and praying for the sale of the lease-hold, and the application of the purchase money to the payment of the assessments thereon. Such sale was ordered and a sale of the lease-hold made to the plaintiffs,for the sum of $2,666.67, which sale was duly confirmed and a conveyance of the lease-hold made by the sheriff to the plaintiffs, who thereby became the owners of the whole estate, The proceeds of the sale were applied to the payment of the assessments.
Thereupon the plaintiffs filed their petition in this case, alleging that the remaining assessments were more than 25 per cent, of the value of the lots on which the assessments were made, and seeking to enjoin the collection of all over that amount.
On this state of facts, we are of the opinion that the plaintiffs are entitled to the relief claimed, if it should be made to appear that the residue of said assessments amounts to more than 25 per cent, of the value of the property after •the improvement was made. That the lessee could only represent his own interest therein, and not that of his lessors, and that the lessors were not bound by his act in signing the petition. That his title being shown by the record, the village was bound to take notice of the extent thereof, and that if it desired to have the interest of the lessors *137 in the lots bound for the full amount of the assessment therein, if it exceeded 25 per cent, of the value thereof, that it should have required the petition to be signed by them also. But this was not done. We know of no law which makes the lessee the agent of the lessors for this purpose. And the village having received the full amount which the interest of the lessee sold for, cannot now look to the property of the lessors for more than 25 per cent, of the value of the property to pay the residue of the assessments.
Mr. Gasser, for the Plaintiffs.
. Gorman & Thompson, for the Village.